UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAURENCIO BAUTISTA CRUZ,

       Plaintiff,                                  Hon. Paul L. Maloney

v.                                               Case No. 1:15-cv-00698-PLM

DON PANCHO MARKET, LLC, et al.,

       Defendants.
_____/

LAURENCIO BAUTISTA CRUZ,

       Plaintiff,                                  Hon. Paul L. Maloney

v.                                               Case No. 1:16-cv-00569-PLM

FIXEL & NYEHOLT, PLLC, et al.,

       Defendants.
_____/

**REPORT AND RECOMMENDATION**

       The above-captioned matters are before the Court on Plaintiff's Motion for Approval of Settlement Agreement (Case No. 1:15-cv-698, ECF No. 63), pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq*. The proposed settlement agreement is appended to the motion. (*See* ECF No. 63-2, PageID.440-46). Defendants Collin Nyeholt and Fixel & Nyeholt, PLLC, have filed their concurrence in plaintiff's motion. (Case No. 1:16-cv-569, ECF No. 11).[1]

---

[1] Plaintiff filed the motion to approve the settlement agreement only in Case No. 1:15-cv-698. Given that the settlement agreement resolves both captioned cases, this Report and Recommendation will be filed in each case.

This motion was referred to the undersigned judicial officer by the Honorable Paul L. Maloney for report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(A). For the reasons stated in the motion and the accompanying memorandum (ECF No. 63, 63-1), as well as those contained herein, I recommend approval of the settlement agreement as to both captioned cases.

## Procedural History

On July 1, 2015, plaintiff filed a one-count complaint, under the FLSA, against defendants Don Pancho Market, LLC, Luz Cervantes, and Francisco Cervantes, seeking damages for alleged unpaid wages. (Case No. 1:15-cv-698 (*Cruz I*), ECF No. 1). On August 5, 2015, defendants filed an answer and four separate state-law counterclaims. (*Cruz I*, ECF Nos. 9–10). Plaintiff, in turn, filed an amended complaint, adding an additional federal count under the FLSA, alleging that defendants' counterclaims lacked any reasonable basis in law or fact, and constituted unlawful retaliation in violation of 29 U.S.C. § 215(a)(3). (*Cruz I*, ECF No. 12). As Judge Maloney noted: "What seemed like a run-standard FLSA complaint [had] blossomed into a much more complicated case." (*Cruz I*, Opinion and Order, ECF No. 19, PageID.175).

On August 26, 2015, defendants filed a motion to dismiss plaintiff's retaliation claim under Rule 12(b)(6). (*Cruz I*, ECF No. 13). Plaintiff countered two days later with a motion to dismiss defendants' counterclaims under Rule 12(b)(1) and, in the alternative, Rule 12(b)(6). (*Cruz I*, ECF No. 14). On March 8, 2016, the Court granted

plaintiff's motion to dismiss all counterclaims and denied defendants' motion to dismiss the retaliation claim. (*Cruz I*, Opinion and Order, ECF No. 19).

The Court also ordered defendants' then counsel and law firm, Collin Nyeholt and Fixel & Nyeholt, PLLC, to show cause "why pleading an 'abuse of process' counterclaim [did] not violate[] Rule 11(b), and sanctions should not issue consistent with Rule 11(c)(3)-(5)." (*Id.*, PageID.189). Sanctions were later imposed. (*Cruz I*, Order, ECF No. 21).

On May 20, 2016, plaintiff filed suit against Collin Nyeholt and Fixel & Nyeholt, PLLC, claiming that counsel violated the FLSA's anti-retaliation provision by filing the four counterclaims in *Cruz I*. (*Cruz v. Fixel & Nyeholt, PLLC, et al.* (*Cruz II*), Case No. 1:16-cv-569, ECF No. 1). Plaintiff served defendants on July 25, 2016. (*Cruz II*, ECF No. 10). Defendants have not yet answered the complaint.

On May 20, 2016, the *Cruz I* defendants filed a motion to stay the proceedings in that case pending resolution of the *Cruz II* defendants' motion to dismiss. (*Cruz I*, ECF No. 34). Following a June 20, 2016, hearing, the Court denied the motion to stay. (*Cruz I*, ECF No. 53). On July 14, 2016, Jennifer Stocker substituted her appearance on behalf of the *Cruz I* defendants, replacing Collin Nyeholt and Fixel & Nyeholt, PLLC. (*Cruz I*, ECF No. 55).

On July 28, 2016, the undersigned conducted a settlement conference in *Cruz I*. (*Cruz I*, Minutes, ECF No. 59). Collin Nyeholt and Fixel & Nyeholt, PLLC, made a limited appearance in *Cruz I* in order to participate in the settlement conference.

(*Cruz I*, ECF No. 58). All the parties involved in *Cruz I* and *Cruz II* reached a settlement resolving all claims. (*Cruz I*, Minutes, ECF No. 59).

The financial terms of the settlement agreement are as follows: The *Cruz I* defendants agree to pay plaintiff $18,200, of which $11,250 is to be treated as back wages. (*Cruz I*, ECF No. 63-2, PageID.442). The *Cruz II* defendants agree to pay plaintiff and his law firm $46,800. (*Id.*). That amount includes $4,300 in "liquidated damages" for plaintiff and $42,500 in attorneys' fees and costs. (*Id.*, PageID.442-43). The total value of the settlement is $65,000. (*Id.*, PageID.442).

## Discussion

Settlement of employees' claims under the FLSA must be approved by either the Secretary of Labor or a district court. *See Lynn's Foods Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982); *see also Steele v. Staffmark Investments, LLC*, No. 16-cv-2069, 2016 WL 1156744, *5 (W.D. Tenn. March 23, 2016) ("Because the important policies of the FLSA may be undermined even when employees are represented, the Court requires approval of any settlement or dismissal of FLSA claims."); *Snook v. Valley OB-GYN Clinic, P.C.*, No. 14-cv-12302, 2015 WL 144400, *1 (E.D. Mich. Jan. 12, 2015) (" 'As a general rule, employees' claims under the FLSA are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court.' " (quoting *Gentrup v. Renovo Services, LLC*, No. 1:07cv430, 2011 WL 2532922, *2 (S.D. Ohio June 24, 2011)).

The Court's role is to determine whether the settlement agreement is fair and reasonable to all concerned. *See Lynn Foods Stores, Inc.*, 679 F.2d at 1353 ("When

employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."). "If a settlement in an employee FLSA suit reflects 'a reasonable compromise over issues,' such as FLSA coverage or computation of back wages that are 'actually in dispute,' the court may approve the settlement 'in order to promote the policy of encouraging settlement of litigation." *Gentrup*, 2011 WL 2532922 at *2 (quoting *Lynn Foods Stores, Inc.*, 679 F.2d at 1354).

Having reviewed the docket in both *Cruz I* and *Cruz II*, and with the benefit of having participated in extensive mediation during the July 28, 2016, settlement conference (*Cruz I*, Minutes, ECF No. 59), I find the terms of the settlement agreement to be fair and reasonable compromise of plaintiff's claims. Plaintiff calculated his overtime damages at $5,802.99. (*See* Pltf's Br. at 2, ECF No. 63-1, PageID.438). Through the settlement agreement, plaintiff recovers almost twice that amount (including liquidated damages), plus approximately $11,000.00 in damages for his retaliation claims. (*See id.*, PageID.438-39; *see also* ECF No. 63-2, PageID.442-43). This represents an excellent result for plaintiff. This is particularly so in light of the fact that recovery on the retaliation claims, particularly with respect to the novel claims in *Cruz II*, were far from certain.

In reviewing the settlement agreement, the Court must also consider the reasonableness of the attorneys' fees and costs. *See, e.g., Gentrup*, 2011 WL 2532922 at *4. "The Sixth Circuit has approved both the 'lodestar' and common fund method of payment of attorney fees." *Id.* (citing *Rawlings v. Prudential-Bache Properties, Inc.*,

9 F.3d 513, 517 (6th Cir. 1993)).[2]  "The determination of a reasonable fee must be reached through an evaluation of a myriad of factors, all within the knowledge of the trial court, examined in light of the congressional policy underlying the substantive portions of the statute providing for the award of fees." *United Slate, Tile and Comp. Roofers, Damp and Waterproof Workers Assoc., Local 307 v. G&M Roofing and Sheet Metal Co., Inc.*, 732 F.2d 495, 501 (6th Cir. 1984) (citations omitted).  Prominent among those factors is the value of the results achieved in the litigation.  *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *see also id.* at 435 ("Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee.")

The settlement agreement apportions $42,500.00 in attorneys' fees and costs. (ECF No. 63-2, PageID.443).  This is a significant amount; normally, more than would be considered reasonable in a simple FLSA back-wages case that did not go to trial. But, as Judge Maloney noted, this litigation quickly became much more than that. (*See Cruz I*, Opinion and Order, ECF No. 19, PageID.175).  Moreover, the litigation expanded into a separate suit against the attorneys who originally represented the *Cruz I* defendants.  The docket in *Cruz I* contains 63 entries.  These include three

---

[2]Plaintiff's counsel claims an expenditure of 176 hours in attorney time and 7 hours in paralegal time, with a corresponding fee total of $61,105.00. (*See* ECF No. 63-1, PageID.439).  Counsel does not indicate the hourly rate charged, however; much less does he provide any support for the claimed fees.  Accordingly, the Court cannot assess the reasonableness of a lodestar calculation in this case. *See Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984) ("To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.").

dispositive motions, one of which was plaintiff's successful motion to dismiss the *Cruz I* defendants' four counterclaims.  (*See Cruz I*, ECF No. 14, 19).

Given all the factors in this case, particularly the excellent result achieved for plaintiff, I find that the amount of attorneys' fees and costs in the settlement agreement is reasonable.

### Recommendation

For the foregoing reasons, I recommend that the motion for approval of the settlement agreement (Case No. 1:15-cv-698, ECF No. 63) be granted, and that, pursuant to the settlement agreement, that the parties be ordered to file stipulated motions to dismiss with prejudice in each of the captioned cases.

Respectfully submitted,

Date:  August 23, 2016                       /s/ Phillip J. Green
                                             PHILLIP J. GREEN
                                             United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).